**United States Bankruptcy Court**
**Northern District of Illinois**
**Eastern Division**

| | |
|---|---|
| In re:<br><br>Ricardo J. Sepeda,<br><br>                      Debtor. | Case No. 17 BK 28610<br><br>Chapter 13<br><br>Judge: Hon. Jack B. Schmetterer |

## OPINION ON DEBTOR'S MOTION FOR SANCTIONS [DKT. NO. 30]

Debtor filed his Chapter 13 bankruptcy case on September 25, 2017. Debtor filed the instant Motion for Sanctions against MCT Group, its counsel, Aimee Morris, and Chase Bank on January 17, 2018. Debtor alleges that he has sent notice via fax to the three aforementioned parties several times, giving them ample notice of his bankruptcy. He argues that by operation of the filing of his bankruptcy, all levies on his funds by MCT Group should be ceased pursuant to 11 U.S.C. § 362. Debtor alleges that despite being noticed of his bankruptcy, the aforementioned parties have refused to release his funds until after the case was discharged and that he has been harmed as a result because he has been unable to pay his bills with the funds in his account. Debtor believes he is entitled to damages as a result of these parties holding his assets and the continued levy by MCT Group, which he alleges constitutes a willful violation of the automatic stay. Debtor seeks the release of about $6,800.00 being held at the bank and a future hearing on damages and attorney's fees.

Aimee Morris, counsel for MCT Group, filed a declaration in opposition to Debtor's Motion on February 6, 2018. Morris states that her client obtained a writ of execution in the Superior Court of California on August 11, 2017 and served it upon Chase Bank on September 7, 2017. The Los Angeles County Sherriff's office indicated on September 19, 2017 that $5,537.61 of Debtor's funds were levied upon at Chase Bank in its Memorandum of Garnishee. Morris states that once she had received notice of the bankruptcy through a fax from Debtor's attorney on September 26, 2017, she told the sheriff that no funds were to be remitted to her or her client. She also indicates that the Debtor did not serve notice upon her as indicated in his Motion (she states that she does not receive electronic notifications through ECF and that Debtor mailed the physical copies not on January 14, 2018, as he alleges in his Motion, but on January 23, 2018, one day before the hearing). Morris argues that Debtor has not included a declaration with his Motion attesting to the alleged facts, he has not presented any evidence other than the attached fax coversheets, and the phone conversations which Debtor alleges he had with Morris are fabricated given that she immediately advised the Sheriff's office to release the levy. Finally, she states that neither she nor her client have received any funds from Debtor's account and thus have nothing to turn over to Debtor.

Philip McFall, president of MCT Group, filed a declaration in opposition to Debtor's Motion on February 5, 2018. McFall's declaration includes primarily the same facts as Morris' declaration. McFall did receive two phone calls from Debtor's counsel, however, around October 12, 2017 and December 14, 2017. He states that he indicated to Debtor's attorney both times that the prepetition levy had been released and that MCT Group had not received any of the Debtor's funds.

## CONCLUSION

As Exhibit A to her Declaration, Aimee Morris attached a document sent to the Los Angeles County Sheriff's office directing them to stay all levies against the Debtor, asking them not to remit any monies to MCT Group or its counsel, and stating that any monies to be disbursed should be directed to the bankruptcy trustee. Debtor has not offered any evidence that MCT is in possession of any of his funds, a charge which MCT Group has denied as well. Morris and McFall have presented evidence which shows the prepetition levy against the Debtor has been stayed. It appears from the pleadings that the entity refusing to release Debtor's funds is Chase Bank, though they have submitted no pleadings in response on this Motion. While there is some question as to whether Chase Bank has been properly noticed in this case, the Court will enter a separate order requiring Chase Bank to respond to Debtor's Motion. As to MCT Group and Aimee Morris, however, Debtor's Motion will be denied by separate order to be entered concurrently herewith.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of February, 2018